# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANLEY HUTCHINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FITZGERALD EQUIPMENT CO., INC., ) <br> AN ILLINOIS CORPORATION, ) <br> ) <br> Defendant. ) | Case No.: 1:15-cv-06521 <br> Judge Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Stanley Hutchinson ("Plaintiff") filed this civil action in diversity against Fitzgerald Equipment Co., Inc. ("Defendant") for personal injuries he suffered in a forklift accident at his employer's Metamora, Illinois facility. Plaintiff alleges that Defendant breached its duty to provide preventative maintenance and repairs to the forklift. Defendant moves to dismiss for improper venue, or in the alternative, to transfer the case to the Western Division of the Northern District. For the reasons explained below, Defendant's motion is denied.

## BACKGROUND

Plaintiff was employed by Borkholder Corporation LLC as a truck driver. (Compl. ¶ 5.) On August 19, 2013, Plaintiff made a delivery to Borkholder's Metamora facility. (*Id.* ¶ 6.) Another Borkholder employee backed a forklift into the Plaintiff, causing him to suffer severe injuries. (*Id.* ¶¶ 7, 8, 13.) At the time of the accident, the forklift's beeper did not sound to warn individuals that the forklift was moving in reverse. (*Id.* ¶¶ 12–13.)

According to the complaint, Defendant was responsible for repairs and preventative maintenance to the forklifts operated at the Metamora facility, including maintenance of the

beeper function. (*Id.* ¶¶ 9–10.) Plaintiff alleges that Defendant failed to properly service and maintain the forklift, warn Borkholder employees, and fulfill Occupational Safety and Health Administration regulations requiring an operational beeper. (*Id.* ¶ 12.) Plaintiff claims that these negligent acts and/or omissions resulted in the failure of the beeper to sound on August 19, 2013, resulting in Plaintiff's severe and permanent injuries. (*Id.* ¶¶ 13–14.)

As relevant here, the parties agree that Defendant is an Illinois corporation, incorporated in Illinois, with its principal place of business in Illinois. (*Id.* ¶ 2; Mot. ¶¶ 2–3, 8.)

## ANALYSIS

Defendant moves to dismiss or transfer Plaintiff's case for improper venue under Federal Rule of Civil Procedure 12(b)(3). Defendant contends that the Eastern Division is an improper venue for this action due to Defendant's residency in Rockford, Illinois (which lies in the Western Division) and its insufficient business contacts in the Eastern Division. Accordingly, we begin our analysis by evaluating whether this venue, the Eastern Division, is a proper venue for Plaintiff's lawsuit.

Facing Defendant's Rule 12(b)(3) challenge, Plaintiff bears the burden of establishing that venue is proper. *Hanyuan Dong v. Garcia*, 553 F. Supp. 2d 962, 964 (N.D. Ill. 2008); *Rotec Indus., Inc. v. Aecon Grp., Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006); *Interlease Aviation Investors II (Aloha) LLC v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). In ruling on a motion to dismiss for improper venue, we may take all of the allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Kubiak v. City of Chi.*, 810 F.3d 476, 480–481 (7th Cir. 2016); *Hanyuan Dong*, 553 F. Supp. 2d at 964; *Interlease Aviation Investors*, 262 F. Supp. 2d at 913.

**A.    Standards for Proper Venue of a Corporation under 28 U.S.C. § 1391**

To determine whether venue is proper in a civil action, we look first to the governing statute, 28 U.S.C. § 1391. Under Section 1391(b), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). In short, the propriety of venue hinges on a defendant's residency. Section 1391(b) thus guides us to Section 1391(c), which addresses the residency of various types of defendants. 28 U.S.C. § 1391(c).

We turn then to Section 1391(c)(2), which provides that "[f]or all venue purposes," an entity such as Defendant is "deemed to reside . . . in any judicial district in which it is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2); *see KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013); *Hayward v. Taylor Truck Line, Inc.*, 15 C 866, 2015 WL 5444787, at *3 (N.D. Ill. Sept. 14, 2015); *Imperial Crane Servs., Inc. v. Cloverdale Equip. Co.*, 13 C 4750, 2013 WL 5904527, at *3 (N.D. Ill. Nov. 4, 2013); *see also Hill v. White Jacob & Assocs., Inc.*, 15 C 9, 2015 WL 1717431, at *2–3 (S.D. Ind. Apr. 15, 2015); *MacDermid Printing Solutions, LLC v. Clear Stamp, Inc.*, 12 C 259, 2013 WL 3176887, at *5 (N.D. Ind. June 21, 2013). In other words, if Defendant is subject to personal jurisdiction in the Northern District of Illinois, then it "resides" here and venue is proper.[1] *KM Enters, Inc.*, 725 F.3d at 732.

---

[1] In its motion, Defendant seeks dismissal under 28 U.S.C. § 1391(d). Section 1391(d) addresses the residency of corporations in states that have more than one judicial district. Relying on this section, Defendant argues that jurisdiction (and thus venue) is not proper in the Eastern Division of this district because of its business activity and principal place of business in the Western Division. (Mot. ¶ 3–4, 6; Reply ¶¶ 4–7.) While Illinois has more than one judicial district, Section 1391(d) does not apply to Defendant's motion. Defendant is not requesting transfer to another district within Illinois, (i.e, the Central or Southern districts), but to another division *within the same district*. Section 1391(d) is not relevant when assessing competing divisions. As such, we reject the Section 1391(d) argument.

3

**B.     Personal Jurisdiction Analysis**

The venue question thus turns on whether Defendant is subject to personal jurisdiction in the Northern District. We therefore review some basic personal jurisdiction principles and assess whether we have jurisdiction over Defendant.

**1.     General Principles**

"As the Seventh Circuit has succinctly described it, federal personal jurisdiction is proper whenever the [defendant] would be amenable to suit under the laws of the state in which the federal court sits (typically under a state long-arm statute), subject always to the constitutional due process limitations encapsulated in the familiar 'minimum contacts' test." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) ("Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state."); *KM Enters., Inc.*, 725 F.3d at 723; *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.,* 536 F.3d 757, 760 (7th Cir. 2008) ("A federal court . . . has personal jurisdiction only where a court of the state in which it sits would have such jurisdiction."). We therefore rely on Illinois law for this analysis.

"To determine whether personal jurisdiction exists over [a defendant] in Illinois, we consider the Illinois long-arm statute, the Illinois constitution, and the federal constitution." *Citadel Group Ltd.*, 536 F.3d at 760–61; *Tamburo*, 601 F.3d at 700. Under its long-arm statute, 735 ILCS 5/2–209(c), Illinois allows for personal jurisdiction to the extent authorized by the Fourteenth Amendment's due process clause, thus merging the federal constitutional and state statutory inquiries. *Tamburo*, 601 F.3d at 700; *see Citadel Group Ltd.*, 536 F.3d at 760–761. Personal jurisdiction may be general or specific. *KM Enters., Inc.*, 725 F.3d at 732; *uBid, Inc. v.*

*GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). As discussed below, it is clear that Defendant is subject to general jurisdiction in the Northern District of Illinois.[2]

### 2. General Jurisdiction over Defendant

General personal jurisdiction extends for all purposes, even if the lawsuit is unrelated to the defendant's connections to the state. *Daimler AG v. Bauman*, — U.S. —, 134 S. Ct. 746, 761 (2014); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9, 104 S. Ct. 1868, 1872 n.9 (1984); *North Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014); *Tamburo*, 601 F.3d at 701. General jurisdiction arises where the defendant's "affiliations with the [s]tate are so continuous and systematic as to render it essentially at home in the forum [s]tate." *Daimler AG*, 134 S. Ct. at 761; *KM Enters., Inc.*, 725 F.3d at 733. This standard is stringent "because the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into court there to answer for any alleged wrong committed in any place, no matter how unrelated the alleged wrong was to the defendant's contacts with the forum." *uBid, Inc.*, 623 F.3d at 426; *Tamburo*, 601 F.3d at 701 ("The threshold for general jurisdiction is high."); *see E-Telequote Ins., Inc. v. TRG Holdings, LLC*, 14 C 4269, 2015 WL 5950659, at *3 (N.D. Ill. Oct. 13, 2015). A corporation is typically subject to general jurisdiction "in a forum where it is incorporated or has a principal place of business," but may also be subject to other jurisdictions where it is "essentially at home." *Daimler AG*, 134 S. Ct. at 760–61; *KM Enters., Inc.*, 725 F.3d at 733.

Here, it is undisputed that Defendant is a citizen of Illinois, is incorporated here, and maintains its principal place of business in Illinois. (Compl. ¶ 2; Mot. ¶ 3.) Illinois is unequivocally Defendant's "home" state. As a result, the Illinois courts, and therefore this court,

---

[2] As a result, we need not address whether we have specific jurisdiction over Defendant as well.

plainly have general jurisdiction over Defendant. *Daimler AG*, 134 S. Ct. at 761; *KM Enters, Inc.*, 725 F.3d at 733. Because we have personal jurisdiction over Defendant, venue throughout the Northern District of Illinois is proper.[3] Accordingly, we deny Defendant's motion to dismiss based on improper venue.

We next evaluate Defendant's alternative request to transfer to the Western Division. Contrary to Defendant's assertion,[4] this question falls under 28 U.S.C. § 1404, which authorizes us to transfer venue under certain circumstances. *See, e.g.*, *Graham v. United Parcel Serv.*, 519 F. Supp. 2d 801, 809 (N.D. Ill. 2007); *Howell v. Joffe*, 478 F. Supp. 2d 1014, 1021 (N.D. Ill. 2006); *Kingsley v. Dixon*, 96 C 2464, 1996 WL 417548, at *1–2 (N.D. Ill. July 22, 1996).

## C.  Transfer Based on Convenience and Interests of Justice

Under Section 1404, we may transfer an action to another district or division "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). To succeed on a motion to transfer venue under Section 1404, Defendant, as the moving party, bears the burden of showing that: (1) venue is proper in the district where the action was originally filed; (2) venue would be proper in the transferee court; and (3) the transfer will serve the convenience of the parties and witnesses as well as the interests of justice. *Morton Grove Pharm., Inc. v. Nat'l Pediculosis Ass'n*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007); *see also Graham*, 519 F. Supp. 2d at 809. As the Seventh Circuit has recognized, deciding whether to transfer a case requires "flexible and individualized analysis" based on the circumstances of a

---

[3] Defendant, moreover, does not contest that "plaintiff correctly filed this matter in the Northern District of Illinois." (Mot. ¶ 5.)

[4] Defendant contends that its request for transfer is governed by 28 U.S.C. § 1406. That section would indeed apply if venue was improper here. Because, as we have found, venue is proper in the entirety of the Northern District, Section 1406 is irrelevant. *In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008) ("Transfer under § 1406(a) is appropriate only when venue is improperly laid.").

particular case. *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted); *see also Graham*, 519 F. Supp. 2d at 809. The district court determines the weight given to each factor and has wide discretion in deciding whether transfer is appropriate. *N. Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 648 (7th Cir. 1998); *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 974 (7th Cir. 1988); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The plaintiff's choice of forum is usually favored "unless the balance is strongly in favor of the defendant." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). With these standards in mind, we consider the pertinent factors.

As discussed above, the first two elements are easily met. Venue is proper in either division of the Northern District due to our general jurisdiction over the Defendant.[5]

### 1. Convenience of the Parties and Witnesses

Next, we will consider the convenience of the transferee forum, the Western Division in Rockford. As the party seeking transfer, Defendant has the burden to show that "the transferee forum is clearly more convenient" than the transferor forum. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (internal citations omitted); *Coffey*, 796 F.2d at 219; *Graham*, 519 F. Supp. 2d at 809.

In deciding whether transfer would promote convenience, courts consider such factors as: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of witnesses." *Morton Grove Pharm.*, 525 F. Supp. 2d at 1044 (citing *Schwartz v. Nat'l Van Lines, Inc.*,

---

[5] Relatedly, the Northern District of Illinois no longer has a divisional requirement that mandates filing cases in certain divisions. *Graham*, 519 F. Supp. 2d at 809; *Howell*, 478 F. Supp. 2d at 1021.

317 F. Supp. 2d 829, 835 (N.D. Ill. 2004)); *see also Graham*, 519 F. Supp. 2d at 809–10. When evaluating the convenience of a forum to the parties and witnesses, we may consider, for example, the length and cost of travel, the number of witnesses to be called, the nature of witnesses' testimony, and witness travel time. *Graham*, 519 F. Supp. 2d at 809–10; *Kingsley*, 1996 WL 417548, at *1–2; *Bjoraker v. Dakota*, 12 C 7513 2013, WL 951155, at *2–6 (N.D. Ill. Mar. 12, 2013).

On the whole, however, Defendant neglects to address these factors in its motion. Defendant, for example, does not assert that the Western Division is more convenient for any likely witnesses. *See, e.g.*, *Preussag Int'l Steel Corp. v. Ideal Steel & Builders' Supplies, Inc.*, No. 03 C 6643, 2004 WL 783102, at *5 (N.D. Ill. Jan. 21, 2004) (noting that the appearance of witnesses is frequently considered the most important fact in this analysis). Defendant did not discuss the cost and time associated with travel for the parties or witnesses, the number of witnesses that the parties expect to testify, or the nature of that testimony. Plaintiff, on the other hand, elected to bring this lawsuit in the Eastern Division as a result of our proximity to his residence in Indiana, and this choice is entitled to substantial weight. *Continental Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 WL 3055374, at *5 (N.D. Ill. Sept. 18, 2009) (explaining that the movant must show that "the original forum is inconvenient for the defendant and that the alternative forum does not significantly inconvenience the plaintiff"); *see also Bjoraker*, 2013 WL 951155, at *2; *Rorah v. Peterson Health Care*, 13 C 01827, 2013 WL 3389063, at *3 (N.D. Ill. July 8, 2013); *Graham*, 519 F. Supp. 2d at 809; *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 912–13 (N.D. Ill. 2006). In sum, we find that the Defendant has not met its burden of proving the convenience of the transferee forum.

## 2. Interest of Justice

Lastly, we will consider whether transferring to the Western Division is in the best interest of justice. To perform this analysis, we typically assess the efficiency of administration, the court's familiarity with relevant law, and the jurors' potential stake in the outcome of litigation in a particular venue. *Rorah*, 2013 WL 3389063, at *5 (citing *Leuders v. 3M Co.*, 08 C 02456, 2008 WL 2705444, at *3 (N.D. Ill. July 9, 2008)); *see Research Automation*, 626 F.3d at 978. Defendant has not argued that these considerations favor transfer to Rockford. Nor do we find that the interest of justice would be served by transfer. For example, each division within the Northern District is equally capable of applying Illinois law and resolving this case. *Kramer v. Daimler Chrysler Motors Co., LLC of Del.*, 08 C 2611, 2008 WL 4542654, at *2 (N.D. Ill. July 22, 2008); *see Clear Channel Outdoor, Inc., v. Rubloff Oakridge, LLC*, 03 C 3063, 2003 WL 22382999, at *3 (N.D. Ill. Oct. 16, 2003) ("Although a motion to transfer venue between divisions is subject to the same analysis as any other transfer motion, the public interest factor is given less weight in the case of an intra-district transfer."). And as to efficiency, Defendant does not contend that the time to trial or disposition is shorter in the Western Division than in the Eastern Division.

We conclude that, while the Western Division would be preferable to and more convenient for Defendant, transfer is not warranted. Even in cases "[w]here the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation, Inc.*, 626 F.3d at 978–79; *see also Rorah*, 2013 WL 3389063, at *2. Defendant has failed to show that a transfer to the Western Division would further the convenience of parties and witnesses or the ends of justice.

## CONCLUSION

For the aforementioned reasons, we deny Defendant's motion to dismiss or transfer to the Western Division. It is so ordered.

```
_____
Marvin E. Aspen
United States District Judge
```

Dated: March 8, 2016
       Chicago, Illinois