# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANLEY HUTCHISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 C 06521 |
| v. ) | Hon. Marvin E. Aspen |
| ) | |
| FITZGERALD EQUIPMENT CO., INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Stanley Hutchison ("Hutchison") filed this civil action against Defendant Fitzgerald Equipment Co., Inc. ("Fitzgerald") for personal injuries he suffered in a forklift accident while working for Borkholder Corporation ("Borkholder") at its Metamora, Illinois facility. Plaintiff alleges Fitzgerald acted in concert with Borkholder in allowing, directing, and encouraging Borkholder and its employees to operate forklifts without a backup alarm, and breached its duty to exercise due care and caution in servicing Borkholder's forklift so as to avoid causing injury to Plaintiff. Presently before us is Fitzgerald's motion to dismiss Count I of Plaintiff's complaint, which asserts a claim for in-concert liability under Restatement (Second) of Torts § 876. For the reasons set forth below, we grant Fitzgerald's motion, without prejudice.

## BACKGROUND

For the purposes of a motion to dismiss, we accept all well-pleaded factual allegations as true and draw all inferences in the plaintiff's favor. *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). On August 19, 2013, Plaintiff, a Borkholder employee, made a delivery from a

Borkholder facility in Nappanee, Indiana to its facility in Metamora, Illinois. (Am. Compl. (Dkt. No. 54) ¶¶ 5–6.) When Plaintiff arrived at the Metamora facility, Plaintiff assisted as fellow Borkholder employee Chad Schierer began to unload the building materials from Plaintiff's delivery truck using a forklift. (*Id*. ¶¶ 7–8, 18.) At some point while unloading the truck, Schierer was operating the forklift in reverse and ran over Plaintiff. (*Id*. ¶ 18.) At the time of the collision, Schierer's forklift lacked a backup alarm. (*Id*.)

Plaintiff alleges that "on and prior to the 19th day of August, 2013, the defendant . . . had a business relationship with Borkholder to repair and/or service the forklifts at Borkholder's Metamora, Illinois facility." (*Id*. ¶ 9.) This agreement provided that Fitzgerald would perform requested repairs as well as "perform preventive maintenance and make suggestions to Borkholder regarding the maintenance of the forklifts they operated at their Metamora facility." (*Id*. ¶ 10.) Plaintiff also alleges that Fitzgerald, as "a seller and servicer of new and used lift trucks," had a greater knowledge than Borkholder "to understand and appreciate the safety aspects of lift truck operations." (*Id*. ¶ 15.) Plaintiff contends that Fitzgerald performed repair and service work on Borkholder's forklifts without advising or recommending the installation of a backup alarm, a "critical safety feature." (*Id*. ¶ 13–18.)

Plaintiff contends both Borkholder and Fitzgerald negligently caused his injuries resulting from the forklift accident. (*Id*. ¶¶ 11–23.) Plaintiff filed his first amended complaint on May 18, 2017, alleging Fitzgerald is jointly and severally liable for the harm caused by Borkholder's tortious conduct under an in-concert liability theory because Fitzgerald allowed, directed, and encouraged Borkholder and its employees to operate forklifts without backup alarms. Plaintiff also alleges that Fitzgerald negligently caused Plaintiff's injuries by failing to exercise due care and caution in servicing Borkholder's forklifts, including failing to properly

repair the forklift to ensure it had an audible backup alarm, failing to warn Borkholder that its forklifts should have backup alarms installed, and failing to warn Borkholder's employees not to operate forklifts without an operative alarm. Fitzgerald moved to dismiss Plaintiff's in-concert liability claim on June 5, 2017. (Mot. (Dkt. No. 57)).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs Fitzgerald's motion to dismiss for failure to state a claim upon which relief may be granted. In ruling on a 12(b)(6) motion, the court accepts "the allegations in the complaint as true unless they are 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Katz-Crank*, 843 F.3d at 646 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). The complaint must state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65). That is, while the plaintiff need not plead "detailed factual allegations," the complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65.

## ANALYSIS

The Illinois Supreme Court has adopted the Restatement (Second) of Torts § 876 construction for determining whether defendants have engaged in concerted action to commit a

3

tortious act.[1]  *Simmons v. Homatas*, 236 Ill. 2d 459, 483, 925 N.E.2d 1089, 1104 (Ill. 2010); *Woods v. Cole*, 181 Ill. 2d 512, 516–17, 693 N.E.2d 333, 335–36 (Ill. 1998); *Borcia v. Hatyina*, 2015 IL App (2d) 140559 ¶ 23, 31 N.E.3d 298, 305; *Wolf v. Liberis*, 153 Ill. App. 3d 488, 496, 505 N.E.2d 1202, 1208 (1st Dist. 1987).  Section 876 provides:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
>
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
>
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) of Torts § 876 (1979).  In-concert liability "establishes a legal relationship" between a tortfeasor who has acted in concert with other individuals.  *Woods*, 181 Ill. 2d at 519–20, 693 N.E.2d at 337.  "By virtue of this relationship, the tortfeasor becomes liable for the actions of those with whom he acted in concert" such that "there is a joint enterprise, and a mutual agency, *so that the act of one is the act of all*, and liability for all that is done is visited upon each."  *Id.* (quoting W. Keeton, Prosser & Keeton on Torts § 52, at 346 (5th ed. 1984)).  The "defendant's conduct must be 'more than benign,'" and the defendant generally "must actively participate in the tortious conduct of another."  *Rogers v. Reagan*, 355 Ill. App. 3d 527, 533, 823 N.E.2d 1016, 1020 (1st Dist. 2005) (quoting *Sanke v. Bechina*, 216 Ill. App. 3d 962, 971, 576 N.E.2d 1212, 1218 (2d Dist. 1991)).

---

[1] Both parties in this diversity case have assumed that Illinois state law applies.  (*See* Mot. at 5; Pl.'s Resp. (Dkt. No. 61) at 1.)

Fitzgerald argues that the complaint must be dismissed because Plaintiff failed to plead sufficient facts to demonstrate that Fitzgerald substantially assisted or encouraged Borkholder in breaching a duty owed to Plaintiff. (Mot. at 4–8.) Liability under §§ 876(b) and (c)[2] "is not based on common design or agreement, but on substantial assistance." *Fortae v. Holland*, 334 Ill. App. 3d 705, 717, 778 N.E.2d 159, 169 (5th Dist. 2002). Plaintiff must demonstrate that "the defendant did not merely fail to act, but also assisted the third party." *Simmons*, 236 Ill. 2d at 476–77, 925 N.E.2d at 1100; *see also Sanke*, 216 Ill. App. 3d at 971, 576 N.E.2d at 1218 ("The elements of section 876 require such affirmative conduct that one's own actions create a duty."); *c.f. Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (explaining it has "long been established" that under common law, a person has no duty to affirmatively act to protect another absent a "special relationship" between the parties, such as common-carrier passenger, innkeeper and guest, custodian and ward, and business invitor and invitee); *Borcia*, 2015 IL App (2d) 140559 ¶ 23, 31 N.E.3d at 305 (finding a plaintiff adequately stated a claim where he alleged the defendant's "encouragement served as an affirmative act" leading to his injuries). Additionally, "it is not enough that a defendant assist or encourage another to engage in a tort; rather, to subject a defendant to liability, the assistance or encouragement must be substantial, not merely slight." *Kohn v. Laidlaw Transit, Inc.*, 347 Ill. App. 3d 746, 759, 808 N.E.2d 564, 575 (5th Dist. 2004).

Plaintiff alleges that "Fitzgerald acted in concert with Borkholder in allowing, directing and encouraging Borkholder and its employees to operate forklifts without a

---

[2] Plaintiff does not allege that Fitzgerald performed "a tortious act in concert with" Borkholder or "pursuant to a common design" with Borkholder under § 876(a). (*See* Pl.'s Resp. at 3.) We accordingly focus our analysis, as the parties have, on §§ 876(b) and (c).

critical safety device, a backup alarm." (*Id.* ¶ 14; *see also id.* ¶ 18 (alleging Fitzgerald's concerted activity included "allowing Borkholder employees, including Stanley Hutchison, to work in proximity to a forklift without a backup alarm and failing to recommend and/or install a backup alarm on Borkholder's forklift").) He also asserts that Fitzgerald "provided substantial assistance and/or encouragement to Borkholder" by performing "repair and/or service work" on the forklifts without "advising and/or recommending the installation of a backup alarm." (*Id.* ¶ 16.) Plaintiff concludes the "question of whether Fitzgerald provided substantial assistance to Borkholder in failing to provide a safe work place for plaintiff should be 'a question of fact for the jury.'" (Resp. at 3 (quoting *Sanke*, 216 Ill. App. 3d at 972, 576 N.E.2d. at 1219).)

While Plaintiff may be correct that it is generally for the jury to decide whether a plaintiff has proved substantial assistance, we must resolve the issue as a matter of law in the first instance if Plaintiff's allegations are insufficient to establish this essential element of his claim. Here, the complaint falls short of alleging enough facts to allow a plausible inference that Fitzgerald substantially assisted or encouraged Borkholder in causing Plaintiff's injury. Plaintiff alleges Fitzgerald acted in concert with Borkholder by "allowing, directing, and encouraging Borkholder and its employees to operate forklifts without a critical safety device," (Am. Compl. ¶ 14), but such conclusory allegations cannot sustain his claim. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Katz-Crank*, 843 F.3d at 646 ("We accept the allegations in the complaint as true unless they are threadbare recitals of a cause of

action's elements, supported by mere conclusory statements." (internal quotation marks omitted)).

Plaintiff's non-conclusory allegations fall short of permitting an inference that Fitzgerald affirmatively encouraged or participated in Borkholder's allegedly tortious behavior such that Plaintiff's actions constitute substantial assistance. *See* Restatement (Second) of Torts § 876, cmt. d ("The assistance of or participation by the defendant may be so slight that he is not liable for the act of the other."). In determining whether a defendant's conduct substantially assisted or encouraged tortious behavior, "the nature of the act encouraged, the amount of assistance given by the defendant, his presence or absence at the time of the tort, his relation to the other and his state of mind are all considered." *Id.*; *see also Sanke*, 216 Ill. App. 3d at 965–66, 576 N.E.2d at 1214. None of these factors support an inference in Plaintiff's favor. He has not alleged in a non-conclusory fashion that Fitzgerald provided any encouragement or assistance to Borkholder, Fitzgerald was not present at the time of the accident, and Plaintiff has offered no plausible basis for establishing a relationship between Borkholder and Fitzgerald such that they were engaged in a joint enterprise where "the act of one is the act of all, and liability for all that is done is visited upon each." *Woods*, 181 Ill. 2d at 519–20, 693 N.E.2d at 337 (emphasis in the original) (quoting W. Keeton, Prosser & Keeton on Torts § 52, at 346 (5th ed. 1984)); *see also Glob. Cash Network, Inc. v. Worldpay, US, Inc.*, 148 F. Supp. 3d 716, 725 (N.D. Ill. 2015) ("[E]ven if the defendant is unaware that it or the 'other' is acting tortiously, the defendant must still be acting according to an 'agreement with another' and in a 'united effort' to commit the tort." (quoting Restatement (Second) of Torts § 876, cmt. e)).

Plaintiff's allegation that Fitzgerald "allowed" Borkholder employees to work "in proximity to a forklift without a backup alarm" is also conclusory and cannot support his claim, as Plaintiff does not plausibly allege Fitzgerald had the authority, ability, or duty to control or direct Borkholder employees. (Am. Compl. ¶ 18.) And while we may infer from Plaintiff's allegations that Fitzgerald owed a duty to use adequate care in servicing or maintaining Borkholder's forklifts, Plaintiff has only alleged Fitzgerald failed to fully carry out this duty by not installing a backup alarm. But simply failing to advise or recommend, without more, does not amount to substantial assistance or encouragement to commit tortious activity. *Sanke*, 216 Ill. App. 3d at 971, 576 N.E.2d at 1218 (explaining liability under § 876 requires "affirmative conduct" that is "more than benign"); *Umble*, 294 Ill. App. 3d at 451–52, 690 N.E.2d at 159 ("We do not equate failing to prevent certain conduct with actively encouraging that conduct."). Fitzgerald's agreement to service Borkholder's forklifts and provide suggestions regarding maintenance is benign absent further allegations that plausibly establish that Fitzgerald actively encouraged the use of an unsafe forklift.

Further, nowhere does Plaintiff allege that Fitzgerald affirmatively encouraged Borkholder to omit the backup alarms, nor does Plaintiff allege that Fitzgerald urged Borkholder to use forklifts without backup alarms by effectively eliminating any alternatives. *C.f., e.g.*, *Winters v. Wangler*, 386 Ill. App. 3d 788, 794, 898 N.E.2d 776, 781 (4th Dist. 2008) (observing that denial of defendant's motion to dismiss did not require holding an escort vehicle liable whenever it failed to prevent the negligent driving of the escorted vehicle, but concluding that the complaint sufficiently pleaded substantial assistance because plaintiff alleged that the escort had affirmatively

8

provided inaccurate information to the escorted vehicle); *Simmons*, 236 Ill. 2d at 476–77, 925 N.E.2d at 1100 (affirming the trial court's denial of a motion to dismiss because plaintiff alleged that defendant affirmatively assisted another in driving while intoxicated by forcing him to leave the establishment and requiring him to get into his car rather than merely failing to prevent him from driving); *see also Umble*, 294 Ill. App. 3d at 451–52, 690 N.E.2d at 159 (holding mechanic's failure to stop intoxicated driver from leaving after performing maintenance on driver's car did not amount to substantial assistance). Plaintiff's complaint does not support an inference that Fitzgerald actively encouraged Borkholder to breach a duty to Plaintiff, or that any assistance Fitzgerald provided to Borkholder amounts to encouragement that is "substantial, not merely slight." *Kohn*, 347 Ill. App. 3d at 759, 808 N.E.2d at 575. As substantial assistance is an essential element of a claim under §§ 876(b) and (c), it necessarily follows that Plaintiff's claim for in-concert liability must fail as a matter of law.

## CONCLUSION

For the foregoing reasons, we grant Fitzgerald's motion to dismiss Count I of the complaint, without prejudice. It is so ordered.

						_____
						Honorable Marvin E. Aspen
						United States District Judge

Dated: August 18, 2017
		Chicago, Illinois

9